CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/8/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:22-cr-00022 |
| v. | |
| DARRYL KENNETH DWAYNE NELSON, II, | MEMORANDUM OPINION AND ORDER |
| *Defendant.* | JUDGE NORMAN K. MOON |

This case comes to the Court on Defendant Darryl Kenneth Dwayne Nelson, II's renewed motion for acquittal.[1] On December 6, 2023, a jury found Defendant guilty of conspiring to distribute and possess with intent to distribute cocaine or methamphetamine.[2] Defendant now challenges that verdict: he contends that the evidence adduced at trial is insufficient to sustain a finding of guilt. However, because the Government put forward substantial evidence to support a finding of guilt on the conspiracy charge, the Court will deny Defendant's motion.

## BACKGROUND

On February 22, 2023, a grand jury in the Western District of Virginia returned a second superseding indictment against Defendant Nelson and eight co-defendants on drug-related charges. Dkt. 114. Defendant was charged with two counts: (1) conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 846 and (2) distribution of 50 or more grams of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A). *Id.*

---

[1] Defendant initially moved for acquittal at the close of the evidence, but the Court denied his motion. Dkt. 233.

[2] Defendant was also charged with distribution of a controlled substance, but the jury found him not guilty of that offense. *See* Dkt. 237. The Court will, therefore, focus solely on Defendant's conspiracy conviction.

Nelson was the only defendant to proceed to trial. During a three-day jury trial, the United States presented testimony from seventeen witnesses and introduced eighty-two exhibits. Dkts. 232, 233, 235, 236. Defendant, for his part, tendered no evidence. Ultimately, after two hours of deliberations, the jury returned a verdict. It found the Defendant guilty on the conspiracy count[3] and not guilty on the distribution count. Dkt. 243.

Following the close of the evidence but before the case went to the jury, Defendant moved for a judgment of acquittal under Rule 29. After hearing argument from both parties, the Court denied the motion. Dkt. 233. Then, on December 14, 2023, Defendant renewed his motion for acquittal. Dkt. 246.

## STANDARD OF REVIEW

Courts are required to sustain a jury's verdict "if, viewing the evidence in the light most favorable to the government, substantial evidence supports it." *United States v. Kiza*, 855 F.3d 596, 601 (4th Cir. 2017). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014) (internal quotation marks omitted). Inversely, Fed. R. Crim. P. 29 requires a court, on a defendant's motion, to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In evaluating the sufficiency of the evidence, the "Court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Cameron*, 573 F.3d 179, 183 (4th Cir. 2009) (internal quotation marks omitted).

---

[3] In relation to the conspiracy count, the jury also determined that 50 grams or more of methamphetamine or cocaine was reasonably foreseeable and, therefore, attributable to Defendant. Dkt. 237.

## ANALYSIS

The United States presented substantial evidence from which a reasonable jury could conclude that Defendant was guilty beyond a reasonable doubt of conspiracy to distribute methamphetamine or cocaine. The Court will, thus, deny Defendant's motion for acquittal.

To show that Defendant conspired to distribute, or possess with the intent to distribute, a controlled substance, the Government had to prove each of the following elements beyond a reasonable doubt:

> <u>First</u>: that there was an agreement between two or more persons to distribute or possess with the intent to distribute cocaine or methamphetamine;
>
> <u>Second</u>: that the Defendant knew of this agreement or conspiracy; and
>
> <u>Third</u>: that the Defendant knowingly and voluntarily participated in or became a part of this agreement or conspiracy.
>
> <u>Fourth</u>: … [The Government also had to document] the type and quantity of controlled substance attributable to the Defendant … includ[ing] the type and quantity that the Defendant himself was involved in, and … the type and quantity that other members of the conspiracy were involved in, provided that the actions of those other members were in furtherance of the conspiracy and reasonably foreseeable to the Defendant as necessary or natural consequence of the conspiracy.

Dkt. 238 at 29–30 (cleaned up).

Here, the Government introduced evidence "sufficient" to prove each element of conspiracy beyond a reasonable doubt. *Howard*, 773 F.3d at 525. At a high level, the Government's evidence can be placed into three buckets: (1) witness-testimony, (2) text messages between Defendant and others, and (3) jailhouse calls between Defendant and the leader of the conspiracy. Collectively, the evidence demonstrates that there was a conspiracy to distribute controlled substances and that Defendant knew about the conspiracy, became a part of it, and is responsible for 50 grams or more of methamphetamine or cocaine due to his participation in it.

3

Indeed, the witness-testimony, taken in isolation, provides compelling evidence of Defendant's conspiratorial conduct. Seventeen witnesses testified at trial—all for the Government. Dkts. 232, 233, 235. Their testimony covered a wide variety of topics, including the scope of the drug conspiracy, Defendant's role within the conspiracy, and the specific actions Defendant took in furtherance of the conspiracy. For instance, a confidential informant—Crystal Moody—testified that during a controlled purchase, Defendant provided her with approximately 140 grams of methamphetamine.[4] Meanwhile, one of Defendant's co-conspirators—Marvin Calloway—stated that Defendant furthered the drug conspiracy in at least two ways: (1) delivering a bag of methamphetamine to Calloway and (2) retrieving drug money from Calloway. Notably, these two witnesses are just a sampling of the witnesses who testified. Accordingly, "viewing the evidence in the light most favorable to the government," *Kiza*, 855 F.3d at 601, and giving the "government the benefit of all reasonable inferences," *Cameron*, 573 F.3d at 183, the witness-testimony alone provides substantial evidence that Defendant is guilty of conspiracy to distribute methamphetamine.

But the Government did not rest solely on witness-testimony; there is more. The Government also introduced text messages between Defendant and others, in which Defendant discussed the drug business and the pricing of narcotics. Dkt. 236 (Govt. Ex. 42). Further, and more damning, the Government provided recordings of jail calls between the Defendant and the leader of the drug conspiracy—Markell Mellette. In those

---

[4] Aerial surveillance footage appears to show this drug transaction taking place. Dkt. 236 (Govt. Ex. 31). The Drug Enforcement Administration later confirmed that Moody did indeed receive roughly 140 grams of methamphetamine from the controlled purchase. Dkt. 236 (Govt. Ex. 58).

calls, Mellette directed Defendant to secure their drug supplies and collect drug money from certain individuals. Dkt. 236 (Govt. Ex. 62) at 3:40–5:30 (Defendant, stating that "everything [sic] already secure"); Dkt. 236 (Govt. Ex. 64) at 5:00–7:00. In addition, Mellette expressed his complete, unwavering confidence in Defendant, stating that Defendant was one of the only people "[he] trust[s]" and that Defendant "will do anything for [him]." Dkt. 236 (Govt. Ex. 64) at 9:28-37.

At bottom, the Government has introduced extensive evidence from which a reasonable fact finder could determine that that there was a conspiracy to distribute controlled substances; Defendant knew about the conspiracy; participated in it; and is, consequently, responsible for 50 grams or more of methamphetamine or cocaine. Put differently, there is sufficient evidence in the record to "support a conclusion of [Defendant's] guilt beyond a reasonable doubt." *Howard*, 773 F.3d at 525. As a result, the Court will deny Defendant's renewed motion for acquittal. Dkt. 246.

## CONCLUSION

For the above reasons, Defendants' motion for acquittal is **DENIED**. Dkt. 246.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion & Order to all counsel of record.

Entered this 8th day of February, 2024.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE